IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| E.S.B., : <br> : <br> Plaintiff, : <br> : <br> VS. : <br> : **7 : 22-CV-38 (TQL)** <br> : <br> Commissioner of Social Security, : <br> : <br> Defendant. : | |

# ORDER

Plaintiff filed this Social Security appeal on April 18, 2022 challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

***Administrative Proceedings***

Plaintiff filed an application for Supplemental Security Income benefits in July 2019, alleging disability since May 2, 2019. (T-185-186). Plaintiff's claims were denied initially and upon reconsideration. (T-71-95). A hearing was held before an ALJ in June 2021. (T-34-70). In a hearing decision dated July 22, 2021, the ALJ determined that Plaintiff was not disabled. (T-12-33). The Appeals Council denied Plaintiff's request for review. (T-1-6).

***Statement of Facts and Evidence***

Plaintiff, born on March 21, 1974, was 47 years of age at the time of the ALJ's decision. (T-239). Plaintiff alleges disability since May 2, 2019 due to PTSD, anxiety, bipolar disorder, personality disorder, exhibitionistic disorder, asthma, stomach ulcers, and high cholesterol. (T-239, 200). Plaintiff completed the ninth grade and has no past relevant work experience. (T-200-201). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of depressive disorder, anxiety disorder, compulsion disorder, and asthma. (T-17). The ALJ found that the Plaintiff did not

have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at all exertional level with certain limitations. (T-19-20). The ALJ determined that Plaintiff had no past relevant work, but was capable of performing other jobs that exist in significant numbers in the national economy, and thus was not disabled. (T-27-28).

## DISCUSSION

Plaintiff contends that the ALJ failed to adequately incorporate his moderate limitations in concentrating, persisting, and maintaining pace into the RFC finding, or explain why they were omitted.

In analyzing the severity of Plaintiff's mental impairments, the ALJ assessed Plaintiff's ability to concentrate, persist or maintain pace, and found that Plaintiff "has no more than a moderate limitation. The evidence does indicate that claimant has some restriction in this area." (T-20). The ALJ specifically found that this limitation is "not a residual functional capacity assessment but [is] used to rate the severity of mental impairment[] at steps 2 and 3 of the sequential evaluation process." (T-20).

In regard to the Plaintiff's RFC, the ALJ ultimately determined that

> claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: claimant should avoid concentrated exposure to heat, humidity, and pulmonary irritants. He can perform simple, routine work, in a non-production pace work environment, where duties basically stay the same from day to day, and where contact with the public is occasional, brief, and superficial. Claimant will further work better alone, and works better with things, rather than people.

(T-20-21).

The record reflects that Plaintiff was imprisoned for a period of time, released at some point in 2019, and subsequently reincarcerated for another period of time. (T-36, 437, 550). Plaintiff was in jail at the time of the hearing before the ALJ. (T-36). Medical records from Plaintiff's incarceration show that he was treated for asthma, high cholesterol, a skin condition, and reflux. (T-289-406). Once out of prison, Plaintiff was diagnosed with and treated for depressive disorder, social anxiety disorder, and exhibitionism. (T-437-549, 573-644). Treatment notes show that Plaintiff made positive progress with treatment, which included medication and counseling. (T- 461, 468, 476, 623).

A claimant's residual functional capacity is the most he can do despite his limitations and is based on all the relevant evidence in the case record, including his medical history, medical signs and laboratory findings, the effects of treatment, daily activities, recorded observations, and any medical source statements. 20 C.F.R. § 404.1545. In order for Plaintiff to establish functional limitations from impairments, "a diagnosis or a mere showing of a deviation from purely medical standards of bodily perfection or normality is insufficient; instead, the claimant must show the effect of the impairment on [his] ability to work." *Wind v. Barnhart*, 133 F. A'ppx 684, 690 (11th Cir. 2005).

By limiting Plaintiff to simple, routine work, with uniform day-to-day duties, very limited contact with the public, and preferably working alone, the ALJ adequately incorporated the mental limitations supported by the record. (T-20-21). Although the ALJ found that Plaintiff suffered from "no more than moderate limitations" in concentration, persistence, and pace, he specifically noted that this was not an RFC finding, but was part of the severity determination. (T-20). This was not a

finding that Plaintiff suffered from moderate limitations in concentration, persistence, and pace in terms of his residual functional capacity, but only a finding that Plaintiff suffered from "some restriction" in that area in terms of the severity of his mental limitations. *Id.*

In assessing Plaintiff's residual functional capacity, the ALJ noted Plaintiff's ongoing treatment for mental issues, but found that "the objective medical evidence does not establish mental and physical conditions of a severity consistent with claimant's alleged impairments. Rather, providers have often noted claimant exhibiting substantial retained functionality". (T-22-23). The ALJ noted that with treatment, claimant has been found to present to physicians as "unremarkable", and with good psychological functioning. (T-23).

The ALJ did not adopt, nor was he required to do so, any additional limitations associated with Plaintiff's mental limitations. Plaintiff did not establish that these additional limitations were supported by the record or that they otherwise significantly affected Plaintiff's ability to perform work activity. The ALJ's conclusions that additional limitations were not supported by the objective medical record are supported by substantial evidence.

### *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 11th day of April, 2023.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**